UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| **29 GORHAM STREET LLC** ) | |
| ) | **Chapter 11** |
| Debtor. ) | **Case No. 24-11004 JEB** |

**UNITED STATES TRUSTEE'S**
**OBJECTION TO DEBTOR'S MOTION TO DISMISS**

William K. Harrington, United States Trustee for Region 1 (the "United States Trustee") objects to the Motion for Voluntary Dismissal filed by debtor 29 Gorham Street LLC (the "Debtor"). For the reasons stated in the United States Trustee's *Motion to Convert or Dismiss* [ECF No. 21] (the "Motion to Convert") and *Response to Order to Show Cause* [ECF No. 41] ("Show Cause Response"), and in further detail below, conversion – rather than dismissal – is in the best interests of creditors and the estate in this case.

**RELEVANT BACKGROUND[1]**

1.  The Debtor has ignored and refused to comply with multiple Court Orders, the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the United States Trustee's Operating Guidelines. The net effect of the Debtor's conduct has been to conceal its assets and transactions from the oversight and inspection of the Court, United States Trustee, and creditors.

2.  The Debtor's attorney, Christopher Shannon, also has apparent undisclosed and unexplained connections to the Debtor evidenced by, at a minimum, the mortgage he signed as

---

[1] The United States Trustee does not repeat all of the background facts set forth described in detail in the Motion to Convert and Show Cause Response, and instead incorporates such facts herein by reference.

-1-

Manager of the Debtor months before this chapter 11 case was filed.[2]

3. Based on the United States Trustee's investigation and review of available information, the Debtor's financial condition appears to be as follows:

    i. In February 2023, the Debtor purchased a house and vacant land in Chelmsford from Shaun and Lauryn McDonough at a price of $665,000, but paid them only about $450,000 and provided a promissory note for the remainder (in excess of $200,000), allegedly signed by Attorney Shannon on behalf of the Debtor, which has not been repaid.

    ii. The Debtor financed the purchase price with a first position mortgage loan from Athene Annuity & Life in the amount of $664,000. It is unclear whether or how the remainder of the proceeds were used or transferred.

    iii. In June 2023, the Debtor obtained a second mortgage loan from BSI Financial Services in the amount of $903,100. It is unclear whether or how these proceeds were used or transferred.

    iv. In January 2024, the Debtor obtained a third mortgage loan from Erik levy in the amount of $175,000, signed by Attorney Shannon on behalf of the Debtor. It is unclear whether or how these proceeds were used or transferred.

4. The sum of the foregoing is that the Debtor appears to have received loan proceeds of about $1.7 million in connection with property for which it paid about $450,000 to acquire.

5. If the Debtor's Schedule D is accurate, the Debtor still owes $1,633,000 on account of the three mortgages (as well as the promissory note to the McDonoughs).

6. The Debtor has not provided any documentation or explanation of the use, transfer, or whereabouts of more than $1.1 million in loan proceeds ($1,633,000 mortgage balances less

---

[2] The United States Trustee notes that, notwithstanding the Debtor's reference to Attorney Shannon's bankruptcy inexperience in the Opposition to Motion to Convert, Attorney Shannon appears to be aware of the disinterestedness requirements based on his filing of a verified statement under MLBR 2016-1 in *In re Allen & Handy Investment LLC*, Ch. 11 Case No. 23-11328-JEB [ECF No. 20]. As to his inexperience, the United States Trustee also notes that in *Allen & Handy*, this Court invited Attorney Shannon file a statement "regarding his experience and ability to represent a Chapter 11 debtor" [ECF No. 50]. It appears he declined to do so, but in any event, was on notice of the Court's concerns and proceeded to represent the Debtor in this case.

$450,000 paid to sellers).

7. On June 27, 2024, after the United States Trustee raised questions about the conduct of the Debtor and its counsel, Attorney Shannon emailed the United States Trustee stating that the Debtor would be filing the Motion to Dismiss and its representative did not intend to appear at the meeting of creditors scheduled for the following day. The United States Trustee responded that the meeting would nonetheless proceed as scheduled.

8. On June 28, 2024, the United States Trustee convened the meeting of creditors pursuant to section 341 of the Bankruptcy Code. Counsel for one creditor appeared. The Debtor's representative did not appear. The meeting was therefore continued to July 22, 2024.

## **ARGUMENT**

9. Section 1112(b)(1) of the Bankruptcy Code provides, "after notice and a hearing, the court shall convert a case under [chapter 11] to a case under chapter 7 or dismiss a case under [chapter 11], whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate."

10. There seems to be no serious dispute that "cause" exists—the Debtor itself is requesting dismissal. However, the choice between dismissal and conversion turns on what is best for creditors and the estate—not the Debtor. Courts weighing this choice consider whether the facts and circumstances indicate a benefit in appointing an independent fiduciary investigate, collect, and liquidate the Debtor's assets for the benefit of creditors. See, e.g., In re Francis, No. BAP MB 18-012, 2019 WL 1265316, at *7 (B.A.P. 1st Cir. Mar. 14, 2019) (converting case on

motion of United States Trustee where appointment of chapter 7 trustee was in best interest of creditors and estate); In re Glob. Emergency Res., LLC, 563 B.R. 76, 84 (Bankr. S.D. Ga. 2016) ("A neutral chapter 7 trustee is needed to collect the assets and make distributions according to the Bankruptcy Code."); In re Babayoff, 445 B.R. 64, 82 (Bankr. E.D.N.Y. 2011) ("if '[t]he creditors ... are better served by the centralized collection and disbursement provided by the bankruptcy process,' then conversion, rather than dismissal, is in the best interests of creditors and serves as the preferred remedy.").

11. The "Debtor's desire to extricate himself from bankruptcy does not impact the analysis. The Debtor "filed the bankruptcy voluntarily, after all, . . . taking advantage of the court and its processes and enjoying the shelter of the automatic stay." . . . [The Debtor] "does not simply get to bid the court and [its] creditors farewell when it suits [it], over [the U.S. T]rustee's objection." In re Francis, 2019 WL 1265316, at *7, quoting In re Del Monico, No. 04B28235, 2005 WL 1129774, at *4 (Bankr. N.D. Ill. May 13, 2005).

12. Here, the United States Trustee objects to dismissal. The Debtor has refused to disclose its assets or explain its financial transactions, except that it owns real property at and around 29 Gorham Street in Chelmsford. On the one hand, the Debtor paid $450,000 for the property in 2023, while on the other hand, the Debtor received approximately $1.7 million in mortgage loan proceeds of which more than $1.1 million is unaccounted for.

13. Although it appears certain secured creditors would prefer dismissal so that they may exercise state-law rights against the Debtor's real property, these creditors' submissions also indicate that the value of the real property is likely insufficient to satisfy the claims of other

-4-

creditors. *See Creditor Athene Annuity and Life Company's Motion to Dismiss, for Relief from the Automatic Stay, and for an Order Permitting Foreclosure Sale to Proceed as Scheduled* [ECF No. 20], pp. 9-10; *Erik Levy's Response to Motion of United States Trustee to Convert or Dismiss Debtor's Chapter 11 Case* [ECF No. 44], pp. 2-3. It is not in the best interests of unsecured (or under-secured) creditors and the estate as a whole to lose the benefit of an independent fiduciary investigating and pursuing $1.1 million in unaccounted-for funds or other causes of action.

14. Based on these facts and circumstances, an independent fiduciary is needed to investigate the Debtor's assets, use of the loan proceeds, and other activities to determine whether there are estate causes of action that could be pursued and liquidated to pay creditors. Although a chapter 11 trustee could also perform this role, there does not appear to be any business to operate. Conversion to chapter 7 will be more efficient and in the best interest of creditors and the estate.

15. The Debtor's alleged and unsubstantiated belief that it will obtain financing to pay creditors in full within three weeks should be given no weight, particularly in light of the Debtor's conduct to date. Indeed, the same day the Debtor made that representation in its Motion to Dismiss, the Debtor filed an Opposition to the United States Trustee's Motion to Convert [ECF No. 41] representing that the Debtor needed until August 31 to complete a refinancing.[3]

16. The Debtor has played fast and loose with the Court, the United States Trustee, and creditors throughout this case, and is now scrambling to escape further scrutiny after a magnifying glass was placed over its activities. There is no reason to think that relieving the Debtor of such scrutiny will benefit creditors or the estate. Quite to the contrary: the appointment of a chapter 7

---

[3] The Opposition to the Motion to Convert also claimed, falsely, that the Debtor filed all of its Schedules and Statement of Financial Affairs. It did not and its failure to do so is the subject of an Order to Show Cause (to which the Debtor also failed to respond). The Debtor also claims to have opened a debtor-in-possession bank account but has provided no evidence of doing so to the United States Trustee.

is in the best interests of creditors and the estate.

## **REQUESTED RELIEF**

For the reasons set forth above, the United States Trustee respectfully requests that the Court enter an order:

1) converting the Debtor's chapter 11 case to chapter 7; and

2) granting the United States Trustee all such other and further legal and equitable relief to which he may be entitled.

                Respectfully submitted,

                WILLIAM K. HARRINGTON
                UNITED STATES TRUSTEE
                REGION ONE

By:   */s/Justin A. Kesselman*
        Justin A. Kesselman, BBO# 687793
        United States Department of Justice
        John W. McCormack Post Office & Courthouse
        5 Post Office Square, 10th Floor, Suite 1000
        Boston, MA  02109-3934
        PHONE: (202) 377-9602
Dated:  June 28, 2024        EMAIL: Justin.A.Kesselman@usdoj.gov

-6-

## CERTIFICATE OF SERVICE

      I certify that on June 28, 2024, true and correct copies of the foregoing Objection were served via CM/ECF upon the individuals who have filed notices of appearance in the Court's CM/ECF database, as set forth below:

John Allen on behalf of Creditor Athene Annuity and Life Company, by and through its servicer, Loan Servicer, LLC
jallen@mccarter.com

Richard C. Demerle on behalf of Creditor EF Mortgage LLC as serviced by BSI Financial Services
rdemerle@demerlepc.com, bankruptcy@DHNewEngland.com

Joseph Foster on behalf of Creditor Erik Levy
joseph.foster@mclane.com, bankruptcy@mclane.com;darlene.hargis@mclane.com

Christopher A. Shannon on behalf of Debtor 29 Gorham Street LLC
cshannon@wsjlawoffice.com

Tatyana P. Tabachnik on behalf of Creditor EF Mortgage LLC as serviced by BSI Financial Services
ttabachnik@demerlepc.com, bankruptcy@dhnewengland.com

      In addition, the Objection has been sent by U.S. Mail to the parties to the attached mailing matrix.

                                        WILLIAM K. HARRINGTON
                                        UNITED STATES TRUSTEE
                                        REGION ONE

By:    */s/Justin A. Kesselman*
           Justin A. Kesselman, BBO# 687793
           United States Department of Justice
           John W. McCormack Post Office & Courthouse
           5 Post Office Square, 10th Floor, Suite 1000
           Boston, MA  02109-3934
           PHONE: (202) 377-9602
           EMAIL: Justin.A.Kesselman@usdoj.gov